IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER F. GOAD, SR., | : | 4:10-cv-711 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WILLIAM R. GRAY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### May 17, 2010

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 10), filed on April 29, 2010, which recommends that this action be dismissed pursuant to 28 U.S.C. § 1406(a) or transfer it to the proper forum, finding that there is no diversity jurisdiction in this matter. Plaintiff Christopher F. Goad, Sr. ("Plaintiff" or "Goad") filed objections to the R&R on May 14, 2010. For the reasons set forth below, the Court will adopt the R&R in part and reject it in part. This matter will be transferred to the United States District Court for the Eastern District of Virginia.

**I.     STANDARDS OF REVIEW**

### A. Review of a Magistrate Judge's Report

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

### B. 28 U.S.C. § 1915(e)(2)(B)(ii) Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations. *Morrison v. Madison*

*Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## II. FACTUAL BACKGROUND/PROCEDURAL HISTORY

Plaintiff, presently incarcerated at the Low Security Correctional Institution at Allenwood ("LSCI-Allenwood") filed, *pro se*, the instant action, pursuant to 28 U.S.C. § 1332 on April 2, 2010. (Doc. 1). Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 6).

Named as Defendants are William R. Gray, the Plaintiff's half-brother, who resides in Richmond, Virginia, and Jane Doe, also a resident of Virginia. Plaintiff invokes the diversity jurisdiction of this Court, claiming that he is a resident of the Middle District of Pennsylvania and that the Defendants are residents of Virginia, and the amount in controversy exceeds $75,000.

Plaintiff was taken into custody in April, 2008 in Virginia and has remained in custody since that date. Prior to Plaintiff's transfer to LSCI-Allenwood in March, 2009, he was incarcerated at the Northern Neck Regional Jail ("NNRJ"), which is located in Warsaw, Virginia. A review of Plaintiff's complaint indicates that his claims largely arose while he was confined outside of this District and when Defendants resided in Virginia.

Plaintiff's allegations arise out of a series of alleged oral agreements he made with Defendant Gray upon Plaintiff's incarceration. They include, *inter alia*, an agreement to allow Plaintiff's wife to live with Gray when she was released from

4

prison and to give her a full time job; to take possession of the personal property in Plaintiff's home and sell it, and use the money for the benefit of Plaintiff and Plaintiff's son Joseph;[1] and to take possession of Plaintiff's legal materials for safekeeping. Additionally, Plaintiff alleges that Defendant Gray and Defendant Jane Doe "agreed and conspired to alienate Joseph from the Plaintiff and did alienate Joseph from the Plaintiff." (Doc. 1, p. 10, ¶ 55).

Plaintiff's complaint contains five counts. They are as follows: Breach of Oral Agreement (Count I); Unjust Enrichment (Count II); Conversion (Count III); Fraud (Count IV); and Intentional Infliction of Emotional Distress (Count V). In his prayer for relief, Plaintiff requests an injunction preventing the Defendants from any further breaches of the alleged oral contracts, conversion, fraud and emotional distress. Plaintiff also requests that the Court order Defendant Gray to provide an accounting of all property Gray held for Plaintiff in Virginia, as well as all of the documents Gray held for Plaintiff in Virginia, and for the Court to impose a constructive trust on all of his property and documents in Gray's possession in Virginia. Finally, Plaintiff seeks both compensatory and punitive damages.

### III. DISCUSSION

---

[1] Plaintiff avers that Defendant Gray has custody of Plaintiff's son while Plaintiff is incarcerated.

Magistrate Judge Blewitt recommends:

> that the Court either dismiss the case under 28 U.S.C. 1406(a) or transfer it to a proper forum, i.e. state court in Richmond, Virginia, since there is no diversity jurisdiction. In the alternative, if the court finds diversity jurisdiction exists, it is recommended that, for the convenience of the parties and in the interests of justice, this case should be transferred to state court in Richmond, Virginia, pursuant to § 1404(1). It is also recommended that Plaintiff's *in forma pauperis* motion (Doc. 6) be granted solely for the purposes of filing this action.

(Doc. 10 at p. 14).

### A. Plaintiff's Objections

Plaintiff's essential objection to the R&R is to the Magistrate Judge's conclusion that diversity jurisdiction does not exist in this case. Magistrate Judge Blewitt reasoned that, while Plaintiff is incarcerated in Pennsylvania, he is not a resident of Pennsylvania for purposes of diversity jurisdiction. In support of this conclusion, Magistrate Judge Blewitt cited a line of cases that stand for the proposition that an inmate is not a resident of the state of his incarceration unless there is an indication the inmate intends to relocate to that state upon release. (Doc. 10, pp. 8-9).

Now, within the instant objections, Plaintiff argues that diversity jurisdiction does exist because he intends to relocate to Pennsylvania upon his release from incarceration, and that he has no intention of returning to Virginia. (Doc. 11, p. 1-

2). Plaintiff further argues that some of his causes of action occurred while he was incarcerated in Pennsylvania, including the "alienation of Joseph," and the breach of the agreement by Defendant Gray to send Plaintiff his legal materials at LSCI-Allenwood.

Plaintiff also argues that this case should not be transferred to Virginia state court because he has no access to Virginia law books in the law library LSCI-Allenwood. Plaintiff alternatively argues that, if we do transfer this case, that it be transferred to federal district court in Virginia.

**B.     Review of the R&R**

Plaintiff has clearly raised a factual issue with respect to diversity jurisdiction within his objections (Doc. 11), however, this issue alone does not prevent transfer of this case.

28 U.S.C. § 1404(a), Change of Venue, provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . .where it might have been brought.

The decision to transfer a case pursuant to 28 U.S.C. § 1404(a) lies within the discretion of the district judge. Factors to be considered in the Court's decision to transfer are:

> (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; (5) the location of books and records similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) the practical considerations that could make the trial, easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law.

*Brown v. Maue*, 2005 WL 1420776, *2 (M.D. Pa. 2005)(citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995)).

As Magistrate Judge Blewitt noted, various of these factors weigh in favor of transferring Plaintiff's case. It is clear that the majority of the claims arose in Virginia, that the witnesses are located in Virginia, and that the controversy in this case is local to Virginia, thus the local interest factor applies. Also, without undertaking an exhaustive choice of law analysis, it is this Court's initial impression that Virginia law would apply to the instant claims, thus weighing in favor of transfer of this case to Virginia.[2]

---

[2] While Plaintiff argues that this case should not be transferred because he does not have access to Virginia law books at LSCI-Allenwood, we inform the Plaintiff that because his claims are not statutory, but arise under common law, the substantive portion of his case will be decided pursuant to state, not federal law. As noted in the body of this Memorandum, it is our opinion that Virginia law will ultimately be applied to this case, whether or not it was transferred. Thus, Plaintiff's concern regarding the lack of Virginia law books at his institution carries little influence here.

However, we note that Magistrate Judge Blewitt makes a recommendation that this Court cannot ultimately adopt, namely the recommendation to transfer this case to *state* court in Virginia. Pursuant to 28 U.S.C. § 1404(a), we can only transfer a case to another federal *district* court where the case may have been originally brought. Accordingly, we shall reject that discrete portion of the Magistrate Judge's report, and transfer this case to the United States District Court for the Eastern District of Virginia.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Blewitt dated April 29, 2010 (Doc. 10) is **ADOPTED** in part and **REJECTED** in part to the following extent:

    a. Plaintiff's Motion for leave to proceed *in forma pauperis* (Doc. 6) is **GRANTED** solely for the purposes of filing this action.

    b. The Clerk of Court shall **TRANSFER** this action to the United States District Court for the Eastern District of Virginia.

2. The Objections of the Plaintiff (Doc. 11) are **OVERRULED** to the extent reflected in this Memorandum and Order.

3. The Clerk of Court shall **CLOSE** this case.

s/ John E. Jones III
John E. Jones III
United States District Judge