# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**CHRISTOPHER S. GOAD,**

    Plaintiff,

v.                                                                                                                                         Civil Action No. **3:10CV326**

**WILLIAM R. GRAY,**

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate currently incarcerated in Pennsylvania, originally filed this action in the United States District Court for the Middle District of Pennsylvania. By Memorandum and Order entered on May 17, 2010, this action was transferred to this Court. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his

or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Analysis

Plaintiff, a federal inmate, brings this action against his brother-in-law, William R. Gray. Plaintiff alleges that, after he was taken into custody on April 9, 2008, Defendant Gray agreed to take possession of the personal property located in Plaintiff's home. Defendant Gray agreed to sell the property and use the proceeds for the benefit of Plaintiff and Plaintiff's son, but to delay the sale until after Plaintiff's wife was released from custody on September 26, 2008. Defendant Gray breached the agreement by selling the property prior to the release of Plaintiff's wife, by refusing to provide an accounting of the sale, and by converting the proceeds to his own use. According to Plaintiff, Defendant Gray also breached an agreement to retain and keep confidential certain legal documents when he shared them with Plaintiff's co-defendants. Finally, Plaintiff alleges that Defendant Gray refused to bring Plaintiff's son to visit him at his place of incarceration, and furthermore told Plaintiff's son unspecified derogatory things about Plaintiff.

Plaintiff brings the following claims against Defendant Gray pursuant to Virginia law:

Count One     Breach of Contract

Count Two     Unjust Enrichment

Count Three   Conversion

Count Four    Fraud

Count Five    Intentional Infliction of Emotional Distress

Plaintiff seeks damages in the amount of $3,200,000, along with injunctive relief.

### Diversity Jurisdiction

Because Plaintiff's claims arise entirely under state law, the Court may only exercise diversity jurisdiction. Diversity jurisdiction is proper only when the amount in controversy exceeds $75,000.00 and the diversity of state citizenship among the parties is complete. 28 U.S.C. § 1332; *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999). Defendant is a resident of Virginia. Plaintiff's complaint and the Court's records reflect that, prior to his arrest, Plaintiff lived in and was a resident of Virginia. Plaintiff now claims to be domiciled in Pennsylvania, where he is currently incarcerated.

A rebuttable presumption exists that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977). To rebut the presumption that he or she retains the pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations.'" *Id.* at 251 (*quoting Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973)). At the pleading stage, the prisoner "must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Id.*; *accord Roberts v. Morchower*, No. 91-7688, 1992 WL 42885, at *1 (4th Cir. Mar. 4, 1992).

Plaintiff has not pled any facts sufficient to plausibly suggest that he has changed his domicile to Pennsylvania from Virginia. Instead, he alleges only that he "is estranged from his wife, son, and brother, and has severed all contacts with Virginia both personal and otherwise," and that he intends to reside in Pennsylvania upon his release. (May 14, 2010 Obj. to Report and Recommendation 2.) These are not the sort of exceptional circumstances that establish that a prisoner has acquired a new domicile. *See Mugan v. McGuire Law Firm, P.C.*, No. 3:06cv03054, 2007 WL 1097564, at *4 (N.D. Iowa Apr. 12, 2007) (finding that no substantial question as to domicile was raised where plaintiff claimed that his spouse had divorced him and destroyed all of his personal property, he had no home to return to in Iowa, and had informed the Bureau of Prisons that his home address was at his brother's residence in Minnesota). Accordingly, the action will be DISMISSED for lack of jurisdiction.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each

claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 9-8-10
Richmond, Virginia