IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CHRISTOPHER F. GOAD, SR.,

    Plaintiff,

v.                                Civil Action No. 3:10CV326

WILLIAM R. GRAY,

    Defendant.

### MEMORANDUM OPINION

Christopher F. Goad, Sr., a federal inmate proceeding pro se, brings this civil action claiming various contract and tort damages. Jurisdiction is appropriate pursuant to 28 U.S.C. § 636(b).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican

Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J.,

concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Analysis

Plaintiff, a federal inmate, brings this action against his brother-in-law, William R. Gray. Plaintiff alleges that, after he was taken into custody on April 9, 2008, Defendant Gray agreed to take possession of the personal property located in Plaintiff's home. Defendant Gray agreed to sell the property and use the proceeds for the benefit of Plaintiff and Plaintiff's son, but to delay the sale until after Plaintiff's wife was released from custody on September 26, 2008. Defendant Gray breached the agreement by selling the property prior to the release of Plaintiff's wife, by refusing to provide an accounting of the sale, and by converting the proceeds to his own use. According to Plaintiff, Defendant Gray also breached an agreement to retain and keep confidential certain legal documents when he shared them with Plaintiff's co-defendants. Finally, Plaintiff alleges that Defendant Gray refused to bring Plaintiff's son to visit him at his place of incarceration, and furthermore told Plaintiff's son unspecified derogatory things about Plaintiff.

Plaintiff brings the following claims against Defendant Gray pursuant to Virginia law:

| | |
|---|---|
| Count One | Breach of Contract |
| Count Two | Unjust Enrichment |
| Count Three | Conversion |
| Count Four | Fraud |
| Count Five | Intentional Infliction of Emotional Distress |

Plaintiff seeks damages in the amount of $3,200,000, along with injunctive relief.

### Diversity Jurisdiction

Because Plaintiff's claims arise entirely under state law, the Court may only exercise diversity jurisdiction. Diversity jurisdiction is proper only when the amount in controversy exceeds $75,000.00 and the diversity of state citizenship among the parties is complete. 28 U.S.C. § 1332; see Wis. Dep't of Corr. v.

Schacht, 524 U.S. 381, 388 (1998); Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir.1999). Defendant is a resident of Virginia. Plaintiff's complaint and the Court's records reflect that, prior to his arrest, Plaintiff lived in and was a resident of Virginia. Plaintiff now claims to be domiciled in Pennsylvania, where he is currently incarcerated.

A rebuttable presumption exists that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. Jones v. Hadican, 552 F.2d 249, 250-51 (8th Cir. 1977). To rebut the presumption that he or she retains the pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations."' Id. at 251 (quoting Stifel v. Hopkins, 477 F.2d 1116, 1126 (6th Cir. 1973)). At the pleading stage, the prisoner "must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." Id.; accord Roberts v. Morchower, No. 91-7688, 1992 WL 42885, at *1 (4th Cir. Mar. 4, 1992).

Plaintiff has not pled any facts sufficient to plausibly suggest that he has changed his domicile to Pennsylvania from Virginia. Instead, he alleges only that he "is estranged from his wife, son, and brother, and has severed all contacts with Virginia both personal and otherwise," and that he intends to reside in Pennsylvania upon his release. (May 14, 2010 Obj. to Report and Recommendation 2.) These are not the sort of exceptional circumstances that establish that a prisoner has acquired a new domicile. See Mugan v. McGuire Law Firm, P.C., No. 3:06cv03054, 2007 WL 1097564, at *4 (N.D. Iowa Apr. 12, 2007) (finding that no substantial question as to domicile was raised where plaintiff claimed that his spouse had divorced him and destroyed all of his personal property, he had no home to return to in Iowa, and had informed the Bureau of Prisons that his home address was at his brother's residence in Minnesota). Accordingly, the action will be DISMISSED for lack of jurisdiction.

(September 8, 2010 Report and Recommendation.) The Court advised Goad that he could file objections or an amended complaint within fourteen (14) days of the entry thereof. Goad has filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).

## III. GOAD'S OBJECTIONS

Goad objects to the conclusion that he is not jurisdictionally diverse from the defendant. Alternately, Goad objects to the conclusion that his claims do not involve a federal question.

### A. Diversity Jurisdiction

Goad is incarcerated in a federal prison in Pennsylvania. The defendant is a Virginia resident. Goad claims that his

5

incarceration in Pennsylvania changes his citizenship to Pennsylvania, thus satisfying the diversity requirement of 28 U.S.C. § 1331. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between—(1) citizens of different States . . . ."); see also U.S. Const. Art. III, § 2 ("The judicial Power shall extend to all Cases . . . between Citizens of different States . . . .").

Citizenship of a natural person is determined by his or her domicile. Gilbert v. David, 235 U.S. 561, 569 (1915) ("If the plaintiff was domiciled in the state of Michigan when this suit was begun, he was a citizen of that state within the meaning of the Judicial Code." (citing Morris v. Gilmer, 129 U.S. 315, 328-29 (1889); Williamson v. Osenton, 232 U.S. 619, 624 (1914))). Normally, "[d]omicile requires physical presence, coupled with an intent to make the State a home." Johnson v. Advance America, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citations omitted). Traditionally, prisoners cannot change their domicile for diversity jurisdiction purposes, and instead are presumed to retain the domicile held at the time of incarceration. Cook v. Purdue Pharma, No. 1:08cv272 (TSE/JFA), 2008 WL 1957858, at *2 (E.D. Va. May 2, 2008). This presumption is rebuttable. Roberts v. Morchower, No. 91-7688, 1992 WL 42885, at *1 (4th Cir. Mar. 4, 1992).

Goad offers the following statements to rebut the presumption

6

that he is domiciled in Virginia: (1) He does not own real property in Virginia; (2) he is alienated from his family; (3) he has no intention on returning to Virginia; (4) his ties in Virginia have been severed by the incarceration; and (5) he has no property in Virginia. (Opp'n to Mag. R&R, ¶ 4.) Even if these statements suffice to rebut the presumption that his domicile is Virginia, these statements do not suffice to establish Goad's domicile in Pennsylvania. See 13E Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3611 (2009) ("[A] negative statement that a party is not a citizen of a particular state [is not] sufficient . . . ."). Instead, Goad offers a single sentence to support his claim of Pennsylvania domicile: "He is claiming domicile in Pennsylvania, the state in which he is now incarcerated." (Opp'n to Mag. R&R, ¶ 4(E).) This claim does not suffice to establish domicile. A prisoner "must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." Jones v. Hadican, 552 F.2d 249, 251 (8th Cir. 1977). Goad has failed to do so. Accordingly, the Court will OVERRULE Goad's objections to the finding of non-diversity.

B. Federal Question

Goad alleges that because the Defendant used the internet to commit the harm caused to Goad, this Court should have jurisdiction on the basis of the Commerce Clause of the United States

Constitution. Notwithstanding the fact that the Commerce Clause vests Congress, not the judiciary, with authority to regulate interstate commerce, Goad has not submitted a well-pleaded complaint indicating that his claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, the Court will OVERRULE Goad's objections regarding federal question jurisdiction.

C. Venue

Goad additionally alleges that "the harm suffered happened while he was in a federal institution." (Opp'n to Mag. R&R, ¶ 8.) Goad seems to try to make a case for why the United States District Court for the Middle District of Pennsylvania should exercise <u>venue</u> over the case, not jurisdiction. This objection, therefore, is moot.

Goad's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Goad.

An appropriate Order will issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: November 12, 2010
Richmond, Virginia

8