IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER F. GOAD, SR.,

    Plaintiff,

v.                                                 Civil Action No. 3:10CV326

WILLIAM R. GRAY,

    Defendant.

## MEMORANDUM OPINION

Christopher F. Goad, Sr., a federal inmate proceeding <u>in forma pauperis</u>, brings this civil rights action. By Memorandum Opinion and Order entered on November 15, 2010, the Court dismissed the action because the Court concluded that diversity jurisdiction did not lie in the action.[1] On December 10, 2010, Goad filed a motion for reconsideration. Because Goad's motion was filed less than 28 days after the November 15, 2010 Final Order, the Court will treat Goad's motion as arising under Federal Rule of Civil Procedure 59(e).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." <u>Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998)(internal quotation marks omitted). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in

---

    [1] Specifically, the Court found that a prisoner's out-of-state incarceration, coupled with the prisoner's mere statement that the prisoner's domicile had changed, was insufficient to plead a change of domicile for diversity jurisdiction purposes. The Court also held that Goad had not established federal question jurisdiction merely by committing a crime via the Internet.

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). In his Rule 59(e) motion, Goad reasserts the same argument that the Court rejected in the November 15, 2010 Memorandum Opinion and Order. Goad also insists that dismissing his action violates his rights protected by the 5th and 6th Amendments to the United States Constitution. Goad does not demonstrate a clear error of law or any other basis for granting Rule 59(e) relief. Accordingly, Goad's motion for reconsideration (Docket No. 20) will be DENIED.

Goad's motion for reconsideration requests, in the alternative to vacating the November 15, 2010 Order, that the Court either transfer the action to the Circuit Court for the City of Richmond or return to Goad the filing fees he has paid in this action. Goad does not identify any basis of law for the Court to comply with these requests. Accordingly, these requests will be DENIED.

Furthermore, the Court notes that Goad's motion states, "[I]f the Court should deny the Plaintiff's request as stated above, the Plaintiff asks the Court to note the Plaintiff's NOTICE of APPEAL of the Court's Dismissal for Lack of Jurisdiction." (Docket No.

2

20, at 1-2.) The Court will treat this as a notice of appeal of the November 15, 2010 Memorandum Opinion and Order.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Goad.

An appropriate Order will issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 20, 2011
Richmond, Virginia